UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN P. O'BOYLE,

                      Plaintiff,

v.                                         Case No. 16-cv-969-pp

GEORGINA R. WETTENGEL,
SGT. PIOJDA,
DANIEL SLETTMANN,
FRANCESCO MINEO,
BONNIE GORDON,
CYNTHIA DAVIS, and
DENNIS FLYNN,

                      Defendants.

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING PLAINTIFF'S COMPLAINT**

The plaintiff, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights during his arrest and criminal prosecution in Milwaukee County. Dkt. No. 1. He also has filed a motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2). The court will grant the motion to proceed without prepaying the filing fee and screen the complaint.

I.    <u>Motion for Leave to Proceed without Prepayment of the Filing Fee</u>

The Prison Litigation Reform Act applies to this case, because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with

1

his lawsuit without prepaying the civil case filing fee, as long as he meets certain conditions.

On July 22, 2016, the plaintiff filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. On August 2, 2016, the court ordered the plaintiff to pay an initial partial filing fee of $25.29. Dkt. No. 6. On August 15, 2016, the court received a $350.00 payment from the plaintiff—the full amount of the filing fee. The fact that he paid the filing fee, however, does not moot the plaintiff's motion. Prisoners who are not granted leave to proceed without prepaying the filing fee also must pay a $50 administrative fee, and must serve their complaints themselves. The plaintiff has disclosed that he has an account containing $950; if the court did not grant his request to proceed without prepaying the filing fee, he would have to use some of that small amount of money to pay the $50 administrative fee and to hire someone to serve his complaint. The court does not expect the plaintiff to deplete all of his assets to file a lawsuit, especially when the court finds that he has met the qualifications for proceeding without paying the filing fee under 28 U.S.C. §1915. The court will grant the plaintiff's motion, and note that he has paid the entire applicable filing fee.

II.  Screening the Plaintiff's Complaint

    **A.  Standard for Screening Complaints**

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of

a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption

3

of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### B. Facts Alleged in the Complaint

In October 2010, the plaintiff was attempting to change a flat tire. Dkt. No. 1 at 2-3. Defendant Georgina R. Wattengel approached the plaintiff, and the plaintiff told Wattengel that her assistance was unnecessary. Id. at 3. The plaintiff consistently indicated that he did not want to speak to Wattengel or obtain assistance from her. Id. She did not observe any "unusual conduct," but claims the plaintiff became uncooperative. Id.

The plaintiff alleges that Wattengel and defendant Sergeant Piojda unlawfully seized him for Operating After Revocation (OAR) and Obstructing an Officer/Fleeing; they transported the plaintiff to the Oak Creek Police

4

Department. Id. at 2. The plaintiff says officers then "coerced" him into submitting to a chemical test of his breath that showed his blood alcohol content was above the legal limit. Id. The plaintiff was arrested for Operating While Intoxicated (OWI), and the other charges against him soon were dismissed. Id.

The plaintiff alleges that defendants Daniel Slettmann and Francesco Mineo violated his rights by failing to provide a fair and reliable determination of probable cause, and by filing charges via a criminal complaint without an objectively reasonable basis to determine probable cause. Id. at 3-4. The plaintiff's theory is that the District Attorney's office should have dismissed the OWI charges once the OAR and obstruction/fleeing charges were dismissed, because "the blood alcohol concentration was the fruit of the unlawful seizure." Id. at 4. The plaintiff believes that all charges stemming from the allegedly unlawful seizure should be dismissed. Id.

Next, the plaintiff alleges that Milwaukee County Circuit Court Judges Bonnie Gordon, Dennis Flynn and Cynthia Davis "perpetuated the Fourth Amendment violation by allowing this case to proceed to trial and a plea and sentencing hearing when Officer Wettengel's actions clearly violated the Fourth Amendment." Id.

The plaintiff also alleges that Mineo and Wettengel violated his rights under the Sixth Amendment when discovery evidence the plaintiff had requested, including Wettengel's squad dash camera video, was "lost" prior to the court proceedings. Id. at 5. The plaintiff suggests he must be given the

5

opportunity to establish a due process violation by showing that the evidence lost would be both material and favorable to him. Id.

According to the plaintiff, the constitutional violations occurred between October 10, 2010 and May 27, 2016, when Davis refused to allow the plaintiff to withdraw his plea due to ineffective assistance of counsel. Id. The plaintiff seeks compensatory and punitive damages for the violations of his constitutional rights. Id. at 6

### C. Legal Analysis of the Allegations in the Complaint

The facts underlying the plaintiff's claims about his unlawful arrest implicate his rights under the Fourth Amendment. But there are several problems which prevent the plaintiff from proceeding on Fourth Amendment claims against several of the defendants.

First, any claims the plaintiff has based on his arrest and subsequent conviction for OWI are barred by Heck v. Humphrey, 512 U.S. 477 (1994). A plaintiff may not maintain a §1983 case where a judgment in his favor would necessarily imply the invalidity of a previous criminal conviction that has not been reversed, expunged, or called into question by the issuance of a federal court writ of habeas corpus. McCann v. Neilsen, 466 F.3d 619, 620-21 (7th Cir. 2006) (citing Heck, 512 U.S. at 487). On the other hand, if the civil action, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." McCann, 466 F.3d at 621 (quoting Heck, 512 U.S. at 487). Here, the plaintiff's claim that some of the defendants arrested and charged him without probable

cause, and that this resulted in an unlawful conviction, imply that his conviction should be reversed.

Second, even if the plaintiff's claims against the Assistant District Attorneys and Milwaukee County Circuit Court judges were not Heck-barred, those individuals would be entitled to absolute immunity. "A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." Fields v. Wharrie, 672 F.3d 505, 510 (citing Imbler v. Pachtman, 424 U.S. 409, 410 (1976)). And "[a] judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). The court will dismiss defendants Slettmann, Mineo, Gordon, Davis and Flynn.

The court will allow the plaintiff to proceed on Fourth Amendment claims against Wettengel and Piojda regarding the plaintiff's initial arrest and charges for OAR and Obstruction/Fleeing. Heck does not bar these claims, because "[w]hether the arresting officer had probable cause to arrest the plaintiff had no bearing on the validity of the guilty plea and conviction." Rollins v. Willett, 770 F.3d 575, 576-77 (7th Cir. 2014).

III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DISMISSES** the following defendants: Daniel Slettmann, Francesco Mineo, Bonnie Gordon, Cynthia Davis and Dennis Flynn.

7

The court **ORDERS** the United States Marshal to serve a copy of the complaint and this order upon defendants Georgina R. Wettengel and Sgt. Piojda under to Federal Rule of Civil Procedure 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

The court also **ORDERS** defendants Wettengel and Piojda to file a responsive pleading to the complaint.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case. Because each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the

plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should retain a personal copy of each document filed with the court.

The court advises the plaintiff that if he does not timely file his pleadings, it may result in the dismissal of this case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 16th day of October, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**